Jenkins Livingston v. The State.

No. 7407.     Decided February 7, 1923.

Rehearing Denied March 7, 1923.

**Murder—Bail Bond—Practice on Appeal.**
    Where the bail bond was approved only by the sheriff and did not appear to have had the approval of the District Judge, the appeal must be dismissed, and unless appellant takes steps to file a new bond in the court below, or have corrected and re-filed the original bond, and produce a proper record in this court, that this has been done the appeal cannot be re-instated.

Appeal from the District Court of Freestone. Tried below before the Honorable A. M. Blackmon.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. M. Edwards,* and *James Spiller,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Freestone County of murder, and his punishment fixed at five years in the penitentiary.

Our Assistant Attorney General moves to dismiss this appeal because the bail bond given by appellant after the adjournment of the trial term of the court below was approved only by the sheriff and does not appear to have had the approval of the District Judge as is required by Article 904 of our Code of Criminal Procedure. An examination of the record discloses that the motion is well taken.

The appeal is dismissed.

*Dismissed.*

ON REHEARING.

March 7, 1923.

HAWKINS, Judge.—Appellant has filed a motion in which he states that the failure to have the trial judge approve his appeal bond was by inadvertence, and not because the judge refused to approve the same, and requests this court to return the bond for correction, and to reinstate the appeal. The motion proceeds upon the assumption that the original bond is upon file in this court. It is not now so on file, nor ever has been. We only know the provisions of the bond from the copy we find in the record. It always has been, or should be, on file in the lower court. Upon the order of dismissal appellant should have taken steps to file a new bond, or have corrected and refiled the original bond, and produced a proper record before this court showing that this had been done, in which event we would have been authorized to grant a rehearing and reinstate the appeal. As it is no option is left us but to overrule the motion.

*Overruled.*